## PARTITION AMONG "LIVING HEIRS."

Court of Appeals for Wood County.

NEWTON N. STEARNS v. JOHN A. STEARNS ET AL.

Decided, May 8, 1915.

*Pleading—Averment as to Whether Property Sought to be Partitioned is Ancestral Arises in Partition, When—Bequest to "Living Heirs."*

Where a testator bequeaths the residue of his property to his "living heirs" and leaves surviving him both brothers and sisters and half-brothers and half-sisters, a demurrer lies to a petition filed by a half-brother for partition of property passing under said bequest, where there is nothing in the petition to show whether the property is ancestral or non-ancestral.

*Benj. F. James,* for plaintiff.
*S. W. Bowman,* contra.

CHITTENDEN, J.

This action was brought in the common pleas court by the plaintiff to secure partition of certain land and to have the title to such land registered. A demurrer to the petition was sustained and the plaintiff not desiring to plead further judgment was entered in favor of the defendants, dismissing the petition of the plaintiff.

The cause is submitted to this court upon the demurrer to the petition.

The plaintiff claims as a beneficiary under the last will and testament of one Orrin Stearns. The petition alleges that Orrin Stearns in his lifetime was the owner of the property in question, and that he died, leaving a will. After providing for certain specific legacies, the use of the property is given to his wife during her lifetime. It is provided that after the death of his wife, certain sums shall be paid from the estate for a specific purpose, and the will then provides as follows:

"It is my request that the balance of my estate be equally divided between my living heirs and the living heirs of my wife, Sarah Ann Stearns, share and share alike."

The petition alleges that Sarah Ann Stearns died leaving no children. The petition further alleges as the living heirs of Orrin Stearns the following named persons: John A. Stearns. a brother; Silas D. Stearns, a brother; Mary Jane Bucher, a sister; Newton N. Stearns, a half-brother, and also names seven other persons who are half-brothers and half-sisters of Orrin Stearns, deceased. The living heirs of Sarah Ann Stearns are alleged to consist of four brothers, two sisters and two nephews. The plaintiff, Newton N. Stearns, claims an interest in the estate of Orrin Stearns and the right to have partition of the estate by reason of the allegation that he is a living heir of Orrin Stearns, deceased.

It does not appear from any allegation in the petition as to whether or not the property sought to be partitioned is ancestral or non-ancestral property. Section 8574, G. C., provides how property shall descend if it did not come by descent, devise, or deed of gift. Section 8573 provides for the order of descent when the title came by descent, devise or deed of gift. By the terms of Section 8574, G. C., when the decedent leaves no children or their legal representatives, and no husband or wife, the estate shall pass to the brothers and sisters of the whole blood.

It is contended that this section of the General Code has no application in this case, because the petition alleges that the estate of the plaintiff comes to him by will and not by descent, and that the term "living heirs" of Orrin Stearns, as used in the will, includes all persons who answer that description, regardless of the degree of their relationship to the testator. This proposition is said to be based upon the decision of the Supreme Court in *Mooney* v. *Purpose*, 70 O. S., 57. We are of the opinion that this latter case does not supply the rule of law governing the interpretation to be placed upon the will of Orrin Stearns as set forth in the petition. It was held in that case that where a testator bequeathes his residuary estate to his lawful heirs, and the will directs that it "shall be equally divided amongst my lawful heirs share and share alike," all persons who at the time of the testator's death answer the description, his "lawful heirs," are entitled to share in such residuary estate regardless of the

degree of their relationship to the testator, and in the distribution of such estate such heirs take *per capita* and not *per stirpes*. The question that arises in every case of that character is, who are the lawful heirs? and the question presented by this petition is, who are the living heirs of the testator and of his widow?

The term "living heirs" designates a class to whom the testator intends his estate to go. We quote from the opinion in *Mooney* v. *Purpose,* at page 64, as follows:

"This being the only designation or description of those who were intended as beneficiaries under the clause of the will, of necessity resort must be had to the statute, in order to determine who are the legal heirs of the testator within the meaning of this clause."

We quote no more than the foregoing from the extended discussion of the subject found in that report.

Resorting then to the statute to ascertain who are included in this class of living heirs, we find that, if this property is non-ancestral property, half-brothers and half-sisters are not "living heirs" within the terms of the will.

The petition failing to contain any averment which brings the plaintiff within the class designated by the will, the allegations are not sufficient to constitute a cause of action on behalf of the plaintiff, and the demurrer to the petition will, therefore, be sustained.

RICHARDS, J., and KINKADE, J., concur.